JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL AARON RICKS, | Case No. 2:20-03277 MWF (ADS) |
| Plaintiff, | |
| v. | ORDER OF DISMISSAL |
| T. GARBA, LVN, et al., | |
| Defendant(s). | |

**I.  INTRODUCTION**

On March 23, 2021, Defendants T. Garba and D. Jamison filed a Notice of Suggestion of Death of Plaintiff with the Court.  [Docket "Dkt." No. 26].  Defendants notified the Court, that on information and belief, Plaintiff died on January 30, 2021.  For the reasons below, the Court dismisses this matter pursuant to Federal Rule of Civil Procedure 25(a) ("Rule 25(a)").

## II. **PROCEEDINGS**

On April 8, 2020, Plaintiff Michael Aaron Ricks ("Plaintiff"), proceeding pro se and in forma pauperis, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against Defendants T. Garba and D. Jamison (collectively, "Defendants"). [Dkt. No. 1]. Plaintiff filed an Amended Complaint on May 15, 2020. [Dkt. No. 9]. In the Amended Complaint, Plaintiff alleged Defendants violated his civil rights in connection with his medical care, specifically the administration of his medication at Lancaster State Prison. [Id.].

On March 23, 2021, Defendants filed a Notice of Suggestion of Death of Plaintiff. [Dkt. No. 26]. Defendants' Notice stated that they "are informed and believe, and thereon give notice pursuant to Rule 25(a)(1) to the Court and all interested parties of the suggestion of death of Plaintiff Michael Aaron Ricks, specifically that Plaintiff died on January 30, 2021. This Notice is being served on Plaintiff's last known address." [Id.]. Also, on March 23, 2021, a Notice of Appearance or Withdrawal of Counsel was filed by Deputy Attorney General, Gregory L. Young, for Defendants. [Dkt. No. 27]. On March 24, 2021, Counsel filed an ex parte extension to file Defendants' responsive pleadings for 120 days due to the death of Plaintiff, which Counsel stated requires an appropriate substitute within 90 days of March 23, 2021 (the date of the filing of the Notice of Suggestion of Death of Plaintiff). [Dkt. No. 28]. The Court granted the request for an extension on March 25, 2021. [Dkt. No. 29]. No further filings have been made in this case.

### III. DISCUSSION

Rule 25(a)(1) of the Federal Rules of Civil Procedure provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

A motion to substitute and statement noting death must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 25(a)(3).

As this case was brought as a civil rights action under 42 U.S.C. § 1983, the question of whether Plaintiff's action survives his death is a question of federal law. Carlson v. Green, 446 U.S.. 14, 23 (1980). Under federal common law, federal claims typically survive a decedent's death if they are remedial in nature and not penal. Wheeler v. City of Santa Clara, 894 F.3d 1046, 1056-57 (9th Cir. 2018). "Claims for non-economic compensatory damages in the form of pain and suffering, emotional distress, and the like are not punitive and therefore survive[] plaintiff's death." Id. (quoting Lopez v. Regents of Univ. of Cal., 5 F. Supp. 3d 1106, 1057 (N.D. Cal. 2013)). Plaintiff's lawsuit alleged that Defendants caused him unnecessary pain, injury and suffering in violation of the First and Eighth Amendments. [Dkt. No. 9]. These claims are not punitive, and survived Plaintiff's death under federal common law. See Wheeler, 894 F.3d at 1056-57.

Because Plaintiff's Section 1983 claims were not extinguished by his death, the Court must dismiss the lawsuit if a motion for substitution is not made by any party or by Plaintiff's successor or representative within ninety days after service of a statement noting Plaintiff's death. See Fed. R. Civ. P. 25(a)(1). Rule 25(a)(1) requires "two

-3-

affirmative steps" to trigger this ninety-day period.  Barlow v. Ground, 39 F.3d 231, 233 (9th Cir. 1994).  "First, a party must formally suggest the death of the party upon the record."  Id.  "Second, the suggesting party must serve other parties and nonparty successors or representatives of the deceased with a suggestion of death in the same manner as required for service of the motion to substitute."  Id.

Here, Defendants' March 23, 2021 Notice of Suggestion of Death of Plaintiff satisfies the first requirement that a party must formally suggest the death of the party upon the record.  With respect to the second requirement, Defendants filed proofs of service attesting to service of the Notice of Suggestion of Death of Plaintiff, pursuant to Rule 4, upon Plaintiff's last known address.  [Dkt. No. 26].  It has been over ninety days since Defendants' proof of service, and no motion for substitution has been filed in accordance with Rule 25(a)(1).

Accordingly, this action is DISMISSED without prejudice.

**IT IS SO ORDERED.**

Dated:  September 3, 2021

_____
MICHAEL W. FITZGERALD
United States District Judge

Presented by:

      /s/ Autumn D. Spaeth
THE HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge